## MADOLE v. WALKER. (No. 6189.)

(Court of Civil Appeals of Texas. Austin. April 21, 1920.)

Evidence ⚖➡591—Defendant's letter to plaintiff stating amount plaintiff owed him, having been introduced by defendant, could be considered against him.

Defendant having introduced in evidence a letter written by him to plaintiff after commencement of action, stating that plaintiff owed him $35 for pasturage, this could be considered against his claim at trial of a greater amount due on his cross-action, though, had plaintiff offered it, it would be subject to objection on the ground that it was written for purpose of effecting a compromise.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Action by W. J. Walker, on whose death his administratrix was made plaintiff, against L. P. Madole. From an adverse judgment, defendant appeals. Affirmed.

Llewellyn & Kitching, of Marlin, for appellant.

Spivey, Bartlett & Carter, of Marlin, for appellee.

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

KEY, C. J. W. J. Walker instituted this suit against L. P. Madole, alleging that he, as landlord, had rented certain premises to the defendant, as tenant, and that, on account of certain transactions between them, the defendant was indebted to him in a specified sum, and that the same was secured by a contract and landlord's lien.

The defendant Madole, in addition to a general denial, set up a cross-action against the plaintiff, the particulars of which need not be stated.

W. J. Walker died, and Mrs. Ollie P. Walker, administratrix of his estate, was made party plaintiff, and prosecuted the suit as such.

There was a nonjury trial, which resulted in a judgment for the plaintiff for $158.82, and foreclosure of plaintiff's chattel mortgage and landlord's lien. The judgment was against the defendant Madole and the sureties on a replevy bond given by him. The defendant Madole alone has appealed, and presents the case to this court upon only two assignments of error, both of which relate to questions of fact.

The first assignment asserts that the court erred in not allowing him an item of $100 set up in his cross-action, which he claimed Mr. Walker had agreed to pay him if he would release Walker from a contract to sell Madole 177 acres of land, and would rent the same from Walker on the usual terms of one-third and one-fourth of the crop.

We have examined the testimony relating to that issue, and conclude that it failed to show the existence of such contract, and therefore the assignment is overruled.

The second assignment complains of the action of the court concerning another item in appellant's cross-action, wherein he claimed $229.50 as compensation for pasturing certain live stock for Mr. Walker.

The court allowed appellant $35 on the item referred to; and the testimony set forth in his brief does not show that he was entitled to recover anything. It does not show that the landlord, in making the contract, did not reserve the right to pasture his own stock in the pasture on the premises, and does not show what, if anything, was the agreement between the parties concerning the pasturage of live stock. Furthermore, appellant himself introduced in evidence a letter which he had written to Mr. Walker, in which he stated that Walker owed him $35 for pasturing stock. That letter was written after the commencement of this suit, and while, if it had been offered in evidence by the plaintiff, appellant might have successfully objected to its introduction, upon the ground that it was written for the purpose of effecting a compromise, he waived that objection by introducing it in evidence himself; and therefore the court had the right to consider his statement in the letter as to the amount Mr. Walker owed him for pasturage. Hence the second assignment is also overruled.

No error has been shown, and the judgment is affirmed.

Affirmed.